IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT SOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>SBZ SERVICES UNLIMITED, INC.,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Robert Sowell ("Plaintiff" or "Mr. Sowell"), and files this Complaint against Defendant SBZ Services Unlimited, Inc. ("Defendant" or "SBZ"), and shows the following:

### I.  Nature of Complaint

1.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's violation of his rights under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA"), during Plaintiff's employment with Defendant.

## II.   Jurisdiction and Venue

2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

3.

Defendant SBZ Services Unlimited, Inc. is a Georgia corporation and resides in this district.  In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.   Parties and Facts

4.

Plaintiff is a resident of the State of Georgia.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Sharon Bryant Zellner, at 125 S. Zack Hinton Parkway, McDonough, GA 30253.

6.

Plaintiff was employed by Defendant as a Supervised Therapist from approximately May 1, 2014, to April 13, 2016.

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C. §203(e).

8.

From approximately May 1, 2014, to April 13, 2016, while employed by Defendant as a therapist, Sowell's primary duty was the performance of non-exempt work, providing therapy to patients in the field and completing the related medical records.

9.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

10.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

11.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

12.

Throughout Plaintiff's employment, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40.

13.

Defendant knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation for hours he worked in excess of 40.

14.

The average Supervised Therapist would be assigned 25-30 open cases at one time.

15.

Plaintiff regularly carried 45-60 cases, despite his requests for a lighter workload.

16.

Plaintiff was only paid for the time that he was meeting with a patient or logged into the system.

17.

Throughout Plaintiff's employment, Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over 40 hours in a workweek.

18.

During the last three years, Defendant maintained a policy of misclassifying Plaintiff as an "independent contractor."

19.

Throughout his employment with Defendant, Plaintiff worked substantially in excess of 40 hours each week and he was entirely economically dependent on Defendant.

### IV.   Claims for relief

### Count I:  Violations of the Fair Labor Standards Act

20.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

21.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of 40 hours in given workweeks.

22.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

23.

Defendant's violations of the FLSA were willful and in bad faith.

24.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

25.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff, sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## Count II:  Retaliation in Violation of the Fair Labor Standards Act

26.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

27.

Plaintiff engaged in protected conduct when he complained about his work load and Defendant's refusal to compensate Plaintiff in accordance with fedral overtime laws.

28.

Defendant subjected Plaintiff to adverse employment action by terminating Planitiff's employment after Plaintiff engaged in protected conduct.

29.

There was a causal connection between the protected conduct and the adverse action.

30.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

31.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## V.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)  Permit Plaintiff to amend his Complaint to add additional claims if necessary;

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 2nd day of December, 2016.

**BARRETT & FARAHANY**

/s/ Taylor J. Bennett
Taylor J. Bennett
Georgia Bar No. 664063

*Counsel for Robert Sowell*

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120 (phone)
(404) 214-0125 (facsimile)
taylor@justiceatwork.com