IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **ROBERT SOWELL,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| | : | 1:16-CV-04474-AJB |
| v. | : | |
| | : | |
| **SBZ SERVICES UNLIMITED, INC.,** | : | |
| | : | |
| | : | |
| Defendant. | : | |

### ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE[1]

This case involves claims asserted under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, which authorizes employees to institute civil actions for recovery of damages for an employer's failure to pay overtime wages as required by the FLSA and for an employer's termination of an employee for exercise of rights protected under the FLSA. [Doc. 1 ¶¶ 1, 21, 22 (citing 29 U.S.C. §§ 207, 216, and appearing to reference 29 U.S.C. § 218c)]. The matter is

---

[1]     The parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. [*See* Docs. 13, 15]. Therefore, this Order constitutes a final Order of the Court.

AO 72A
(Rev.8/82)

presently before the Court upon the parties' Third Joint Motion to Approve Settlement Agreement, [Doc. 38],[2] for approval of their compromise and settlement of this action.

There are two ways in which claims raised under the FLSA may be settled and released by employees. First, 29 U.S.C. § 216(c) allows employees to settle and waive their claims under the FLSA if the employer makes full payment of back wages to the employee under the supervision of the Secretary of Labor. *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, where, as here, an alleged employee asserts claims against an alleged employer in a private lawsuit for back wages under 29 U.S.C. § 216(b), the plaintiff may settle and release the FLSA claims if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment after scrutinizing the settlement for fairness. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

Court approval of an FLSA settlement in the litigation context relies heavily on the adversarial nature of the litigation:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect

---

[2] The Court had found the first two motions insufficient and denied them without prejudice on January 19, 2018. [Doc. 37].

2

> their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.[] But to approve an "agreement" between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA.

*Id*. at 1354 (footnote omitted).

Here, by complaint filed in this Court on December 2, 2016, Plaintiff Robert Sowell brought this action against Defendant SBZ Services Unlimited, Inc., claiming that he had been employed by Defendant from May 1, 2014, to April 13, 2016; at all relevant times, Plaintiff was a non-exempt employee for purposes of overtime compensation; Plaintiff regularly worked in excess of forty hours per week; Defendant failed to properly compensate him for all overtime hours worked; and when Plaintiff complained about Defendant's refusal to compensate him in accordance with federal overtime laws, Defendant retaliated by terminating his employment. [Doc. 1 ¶¶ 6-8, 12-13, 17, 19, 27-28]. Plaintiff demanded unpaid overtime compensation, damages, attorneys' fees, and costs pursuant to the FLSA. [*Id*. ¶¶ 22, 30]. On December 27, 2016, Defendant filed its answer to the complaint, denying that Plaintiff

was its employee or was entitled to any overtime compensation; further denying all allegations of wrongdoing and liability; and asserting that Plaintiff's claims were barred at least in part by the applicable statute of limitations. [Doc. 4].

The Court has reviewed the complaint, the third joint motion, and the settlement agreement. [Doc. 1; Doc. 38]. The Court is further aware of formal discovery efforts. [*See, e.g.,* Docs. 9-11, 21-22, 25-26, 29-31]. The Court is of the opinion that there is a bona fide dispute over application of the relevant provisions of the FLSA: specifically, the proper classification of Plaintiff as an "employee" of Defendant, the proper classification of Plaintiff as exempt from the overtime provisions of the FLSA, the proportion of Plaintiff's claims that may be precluded under the statute of limitations, and whether liquidated damages are appropriate. In light of these legitimate disputes, the Court is of the opinion that the parties' settlement agreement reflects a fair and reasonable solution of these bona fide disputes. Moreover, the Court finds that the amount of the settlement is fair, given the parties' representations in the motion that Plaintiff was paid at a rate of $25.00 per hour, that the parties arrived in settlement at forty hours to be compensated, and that their settlement reflects the reality that

Defendant is no longer a going concern and thus has limited ability to pay a settlement.[3] [Doc. 38 at 5, 7 n.1]. Plaintiff will receive (a) $500.00 in alleged back pay; (b) $500.00 in alleged liquidated damages; and (c) $500.00 as damages for his retaliation claims. [*Id*. at 4; Doc. 38-1 at 1-2]. Plaintiff's counsel will also receive $1,500.00 as attorneys' fees. [Doc. 38 at 4; Doc. 38-1 at 2]. Additionally, Plaintiff will receive $2,000.00 for a general release of his non-FLSA claims against Defendant and a limited confidentiality agreement as to those claims, [Doc. 38 at 7, Doc. 38-1 at 2], from which he will reimburse his counsel $845.30 in litigation expenses, [Doc. 38 at 8].

Consequently, it is hereby **ORDERED** that:

The Court **GRANTS** the parties' Third Joint Motion to Approve Settlement Agreement, [Doc. 38].

The Court finds that the agreed-upon terms and conditions of settlement of this litigation arising under the Fair Labor Standards Act, as set forth in the settlement agreement, are fair and reasonable under the circumstances, and the settlement agreement is hereby **APPROVED**.

---

[3] The Court acknowledges that this Order is a judicial approval of a reasonable compromise, not a finding, conclusion, or reflection of any admission of a violation of the FLSA, willful, intentional, or otherwise.

The Court **APPROVES** the monetary distribution as to Plaintiff and Plaintiff's counsel as described in the settlement agreement and **ORDERS** Defendant to make payments accordingly.

The Court **RETAINS JURISDICTION** over this matter for the purposes of enforcing the terms of the settlement agreement.

The matter is hereby **DISMISSED WITH PREJUDICE**.  The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED and DIRECTED**, this the 30th day of January, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE